## Bassler Estate

*Siegrist, Koller & Siegrist,* for petitioners.

*Windolph & Johnstone, Louis S. May* and *Henry S. Borneman,* for respondents.

EHRGOOD, P. J., October 10, 1951.—This matter is before the Orphans' Court of Lebanon County, on the petition of Charles D. Musser and the Myerstown Trust Company, of Myerstown, Lebanon County, Pa., who were duly appointed by the Register of Wills of Lebanon County, as administrators cum testamento annexo of the last will and testament of Harvey Bassler, late of Lebanon County, Pa., deceased, praying for a citation against the Pennsylvania German Society, hereinafter called the society, and Franklin and Marshall College, hereinafter called the college, for the purpose of obtaining possession of various books, manuscripts, pamphlets and other allied materials presently housed at Franklin and Marshall College, at Lancaster, Pa. These books and allied materials are known as the Claude W. Unger Collection. The administrators of the estate of decedent, who died testate on March 14, 1950, contend that the collection belongs to the estate of decedent. Respondents filed separate answers to the petition. The answer of the society admits that the Unger collection had been purchased by decedent, but alleged that decedent had offered to make a gift thereof to the society if it provided for the housing and care of the collection, made it accessible for the proper use by the public, and provided

funds for the enlargement of the collection. The answer of the society further alleges that the society accepted the offer made by decedent, and that it had taken proper corporate action in regard thereto, and is ready and willing to carry out the terms and conditions of its executory contract entered into with decedent.

The answer of the college admits that the Unger collection had been purchased by decedent, but alleges that the collection was housed in its college library pursuant to a written agreement entered into by decedent. The answer of the college further states that the society accepted the offer of decedent to make a gift of the Unger collection to the society and that the society and the college have held various conferences resulting in an agreement whereby the society would provide for permanent housing of the collection by the erection of a building adjacent to the present college library, and that the society would provide funds for an endowment. The pertinent facts are not disputed.

Notice of this proceeding was given to all parties having an interest in the estate under the will of decedent, to all the heirs and next of kin of decedent, and to the Department of Revenue of the Commonwealth of Pennsylvania by mailing to the parties and Department of Revenue, by registered mail, a copy of the petition of the administrators and of the order of court awarding the citation. Copies of the answers filed by both respondents and notice of the hearing held in this matter had also been forwarded by registered mail to all parties having an interest in the estate under the will of decedent, to all of the heirs and next of kin of decedent, and to the Department of Revenue of the Commonwealth of Pennsylvania.

Petitioners in the petition pray that a citation issue to the society and to the college directing the society and the college to appear and show cause why the

Unger collection is not an asset of the estate of decedent, and why your petitioners should not be entitled to the immediate possession thereof.

From the uncontroverted averments contained in the proceedings and testimony taken before the court, at time of hearing, we make the following

*Findings of Fact*

1. Decedent, Harvey Bassler, died testate on March 14, 1950.

2. At the time of his decease, decedent was a resident of Jackson Township, Lebanon County, Pa.

3. The Claude W. Unger collection, consisting of a collection of books, manuscripts and other allied materials and articles, was an asset of the estate of decedent.

4. The will of decedent does not dispose of the Unger collection.

5. Prior to and at the time of the death of decedent, the Unger collection was in the possession of decedent, he having been engaged in sorting and cataloging and arranging books and allied materials for some time previous to his decease while the collection was stored and housed in the college library building of Franklin and Marshall College.

6. Decedent had offered to make a gift of the Claude W. Unger collection to the Pennsylvania German Society if the society provided for the housing of the collection, made it accessible to public use and provided funds for its enlargement.

7. On October 11, 1947, the society accepted the offer of decedent to make a gift of the collection to the society.

8. The society, for the purpose of performing its agreement with decedent, entered into a valid agreement with the college whereby the society agreed to erect a building for the housing of the collection on

the campus of the college adjacent to the Fackenthal Library Building of the college.

9. The society has proceeded to perform its agreements contained in the contract relating to the collection and is willing and able to perform all of its promises and agreements pertaining to said contract.

10. The collection consists of approximately 45 tons of books and other allied materials and the expense of having the collection removed from its present location into the custody of the administrators of the estate of decedent would be enormous and burdensome to the estate.

11. The awarding of the custody and possession of the collection to the personal representatives of the estate of decedent would not serve any useful purpose.

12. The collection is of no value to the estate of decedent.

13. There does not exist any substantial dispute between the parties hereto.

14. Notice of this proceeding and of the hearing held in this matter was given to all parties interested in the estate under the will of decedent, to all the heirs and next of kin of decedent, and to the Department of Revenue of the Commonwealth of Pennsylvania, by registered mail.

## Discussion

Petitioners are the personal representative of Harvey Bassler who, at the time of his decease, was a resident of Jackson Township, Lebanon County, Pa. Respondents filed separate appearances and answers in this court. The said collection was in the possession of decedent at, and immediately prior to, the time of his decease. This court, therefore, has jurisdiction over the parties of the subject matter of this proceeding: Keyser's Estate, 329 Pa. 514.

The parties do not dispute any of the facts averred in the pleadings filed in this proceeding. There was no contradiction of any of the facts testified to at the hearing of this proceeding. It, therefore, appears that no substantial dispute exists between the parties and the court finds no need to submit the matter to a jury: Moyer's Estate, 341 Pa. 402.

The subject matter of this proceeding consists of approximately 45 tons of books, pamphlets, manuscripts and other allied materials pertaining to Pennsylvania Dutch history and folklore, which books and other materials are known as the Claude W. Unger Collection. Decedent purchased this collection for the sum of $15,000. He later entered into an agreement with Franklin and Marshall College to store the collection temporarily in the library building of the college. The undisputed evidence shows that decedent later offered to make a gift of the collection to the society, if the society would provide permanent housing facilities therefor, make it accessible for proper use by the public, and provide funds for the enlargement of the collection. This offer was accepted by the society. The society proceeded to enter into an agreement with Franklin and Marshall College, Lancaster, Pa., whereby the society would erect a building adjacent to the present college library building, in which new structure the collection is eventually to be permanently housed and made accessible to public use. Plans and sketches for this addition have already been prepared. The evidence and testimony undoubtedly show that the society has proceeded to perform some of its obligations incurred by the acceptance of the offer of decedent to make a gift of the collection to the society, and that it is ready and willing to perform all of its unexecuted obligations. Decedent had not surrendered or completely divested himself of possession from and of dominion over said collection at the time of his decease.

The society has not yet performed all of its obligations pertaining to the acceptance of the offer of decedent to make a gift of the collection to the society. The collection can, therefore, not be regarded as a completed gift to the society: Chapple's Estate, 332 Pa. 168. It must be regarded as an asset of the estate of decedent, but also as the subject matter of a valid executory contract to make a gift of the collection to the society.

The value of the collection as an asset of the estate of decedent is, therefore, nil. The awarding of the custody and possession of the collection to petitioners would serve no useful purpose and would result in being burdensome to the estate of decedent.

Should the society fail or neglect to perform its obligation under its executory contract with decedent, the administrators, or their successors, can hereafter apply for appropriate relief.

### Conclusions of Law

We, therefore, conclude as follows:

1. The court has jurisdiction of the parties and of the subject matter of this proceeding.

2. Due notice of this proceeding and of the hearing held in this matter has been given to all parties interested in the estate of decedent, under the will of decedent, and to all the heirs and next of kin of decedent, and to the Department of Revenue of the Commonwealth of Pennsylvania.

3. The will of decedent fails to specifically dispose of the books and manuscripts, etc., known as the Unger collection and does not contain a residuary clause for disposing of his remainder estate.

4. The Unger collection was in the possession of decedent at the time of his decease and was an asset of the estate of decedent at the time of his decease.

5. That at the time of the death of decedent, the Unger collection was the subject matter of a valid executory contract whereby decedent had promised to make a gift of the collection to the Pennsylvania German Society upon the condition that the society would provide proper housing for the same, make it available to public use, and provide for the endowment thereof.

6. Subsequent to October 11, 1947, Franklin and Marshall College and the Pennsylvania German Society had entered into a valid mutual executory agreement whereby Franklin and Marshall College agreed to allow the Pennsylvania German Society to erect a building on the college campus of the college adjacent to the Fackenthal Library Building situate on the college campus for the purpose of providing housing facilities for the collection pursuant to the terms of the executory contract between the society and decedent.

7. The Pennsylvania German Society has performed some, and is willing and able to perform all of the terms and conditions of the executory contract entered into by it with decedent in regard to the collection.

8. The executory contract entered into by the decedent and the Pennsylvania German Society relating to the collection is valid and binding upon both the estate of decedent and the society.

9. The evidence and testimony adduced at the hearing of this matter fail to disclose any disputed facts and no substantial dispute exists between the parties.

10. The matter before the court can be determined by the court without the submission of it to a jury.

11. The value of the collection as an asset of the estate of decedent is nil.

12. The awarding of the custody and possession of the collection to the personal representatives of the

estate of decedent would not serve any useful purpose and would be burdensome to the estate.

13. The personal representatives of the estate of decedent should be relieved of all responsibility in regard to the collection until such time as it appears that the society is not willing and able to perform its obligations under its executory contract with decedent, at which time application for relief can then be made.

14. The Pennsylvania German Society is entitled to have the Claude W. Unger Collection remain at its present location until such complete title to the collection vests in the society by virtue of its having fulfilled all its obligations of its executory contract with decedent or until further order of this court.

Wherefore, we enter the following

*Decree Nisi*

And now, to wit, October 10, 1951, it is ordered, adjudged and decreed:

1. The subject matter of this proceeding known as the Claude W. Unger Collection is hereby awarded to the Pennsylvania German Society upon condition that the society will perform all of its obligations of its executory contract entered into with Harvey Bassler whereby the collection was to become the property of the society.

2. The administrators cum testamento annexo of the estate of Harvey Bassler, deceased, be and they are hereby relieved and discharged of all responsibility and liability in regard to the collection; they shall not pay, or be responsible for the payment of, any inheritance, transfer or estate taxes in regard to the collection; and they shall not be held accountable for the collection or for the value thereof in any manner except to show that the collection was awarded to the Pennsylvania German Society pursuant to this decree.

3. If the Pennsylvania German Society fails or neglects to perform in its entirety its executory agree-

ment entered into with Harvey Bassler, deceased, in regard to the collection, the administrators, or their successors, may at such future time apply to this court for appropriate relief.

4. Petitioners shall pay the costs of this proceeding.

5. The clerk of the Orphans' Court of Lebanon County will enter this decree nisi and give notice thereof forthwith, by forwarding by registered mail, a copy of this decree nisi to the parties hereto or their counsel; to the heirs-at-law and next-of-kin of Harvey Bassler, deceased; to all parties and institutions having any interest in the estate of Harvey Bassler under the will of decedent, and to the Department of Revenue, of the Commonwealth of Pennsylvania, at Harrisburg, Pa.

6. Unless exceptions be filed to this decree nisi within 20 days after the entry of the same, this decree will become final as of course.